# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SHANNON ANSPACH,

      Plaintiff,

    v.

THE EVANGELICAL COMMUNITY
HOSPITAL,

      Defendant.

No. 4:18-CV-01916

(Judge Brann)

## MEMORANDUM OPINION

### APRIL 29, 2020

Plaintiff Shannon Anspach brings suit against Defendant The Evangelical Community Hospital for claims of employment discrimination. Evangelical now moves to dismiss Anspach's complaint for failure to prosecute the action pursuant to Federal Rule of Civil Procedure 41(b).

Anspach filed her complaint in the Court of Common Pleas of Northumberland County, Pennsylvania on August 17, 2018.[1] On October 1, 2018, Evangelical removed the case to this Court.[2] Shortly thereafter, Evangelical filed a partial motion to dismiss, which resulted in an Order on January 14, 2019 dismissing all but two of Anspach's claims.[3] On April 23, 2019, I entered a case

---

[1] Compl., Doc. 1-1.
[2] Notice of Removal of Civil Action, Doc. 1.
[3] *See* Order, Doc. 11.

management order that set the deadline to complete fact discovery for December 2, 2019.[4]

On July 23, 2019, Evangelical served its initial disclosures on Anspach. Three days later, Evangelical served interrogatories and requests for production on Anspach. Responses to these were due on August 25, 2019.

Around this time, Anspach and her counsel experienced certain disruptions. Anspach personally suffered from medical issues. Her counsel, meanwhile, had problems in the workplace arising from his partner's pursuit of elected office and the departure of a paralegal. On Anspach's counsel's request, Evangelical agreed to provide at least two extensions to the time to respond to its requests for discovery, and on November 27, 2019, I granted a joint motion filed by the parties to extend the discovery deadline to January 31, 2020.[5] This Court then held a telephonic status conference on January 9, 2020 to address Anspach's continued failure to respond to discovery.[6] Following the expiration of the extended time for discovery, on February 27, 2020, Evangelical filed the instant motion to dismiss the complaint for failure to prosecute.[7]

Rule 41(b) permits a defendant to move to dismiss an action or claim against it when a plaintiff fails to prosecute its case. However, dismissal is an extreme

---

[4]   Case Management Order, Doc. 17.
[5]   Order, Doc. 30.
[6]   *See* Letter from Mark Hipple to the Court, Doc. 32.
[7]   Def.'s Mot. to Dismiss for Failure to Prosecute, Doc. 40.

sanction; the United States Court of Appeals for the Third Circuit has advised that "cases should be decided on the merits barring substantial circumstances in support of the contrary outcome."[8] The Third Circuit in *Poulis v. State Farm Fire & Casualty Company*[9] set out six factors to guide trial courts' discretion whether to dismiss a case for failure to prosecute: (1) the extent of the party's personal responsibility, (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery, (3) a history of dilatoriness, (4) whether the conduct of the party or the attorney was willful or in bad faith, (5) the effectiveness of sanctions other than dismissal, and (6) the meritoriousness of the claim or defense.[10] No one of these factors is dispositive.[11]

As applied here, the *Poulis* factors weigh against dismissal. Anspach's personal responsibility for the delay is low, or at least excusable, because much of the delay attributable to her is the result of serious medical problems she experienced during the time period. Evangelical has suffered some prejudice in preparing its defense, but there is no indication that such prejudice could not be cured by production of the requested documents. I am not powerfully moved by Plaintiff's counsel's stated reasons for his delay. However, I do not find that these delays were willful or in bad faith.

---

[8]  *Hildebrand v. Allegheny Cty.*, 923 F.3d 128, 132 (3d Cir. 2019).
[9]  747 F.2d 863 (3d Cir. 1984).
[10]  *See id.* at 868; *Torres v. Gautsch*, 304 F.R.D. 189, 191 (M.D. Pa. 2015).
[11]  *See Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008).

Although aggrieved by Anspach's delay, Evangelical did not file a formal motion to compel prior to moving under Rule 41(b). That, however, is the more appropriate remedy for this situation. Receiving the documents will allow Evangelical to prepare its defense fully—the delay has not been so long as to raise serious concerns about evidence preservation.

Therefore, in lieu of dismissal under Rule 41(b), I will order Anspach to produce any outstanding initial disclosures and responses to requests for discovery. All objections other than to privilege shall be deemed waived.[12]

In conclusion, Defendant's Motion to Dismiss for Failure to Prosecute (Doc. 40) is **GRANTED IN PART**.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[12] *See* Fed. R. Civ. P. 33(b)(4); *Swain v. Encore Med. Corp.*, No. Civ. A. 3:04-174, 2006 WL 3308435, at *2 (W.D. Pa. Oct. 19, 2006).